UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM RONGEY, <br><br> Plaintiff <br><br> v. <br><br> KRAMER & FRANK P.C., a Missouri Professional Corporation <br><br> Defendant. | CIVIL <br><br> CASE NO. 1:14-cv-01224 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, WILLIAM RONGEY ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of KRAMER & FRANK P.C. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

**JURISDICTION AND VENUE**

2. This action arises under, and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

4. Defendant conducts business in this District and all of the events or omissions giving rise to the claims occurred within this District.

1

## PARTIES

5.  Plaintiff is a natural person residing at 218 S. Beverly Street, Wheaton, Illinois 60187.

6.  At all times relevant to the action, Defendant was a national debt collection firm with headquarters located in St. Louis, Missouri. Defendant is a third-party debt collector that is in the business of collecting debts for first and third party vendors. Some of the debts being collected by Defendant included a debt allegedly owed by Plaintiff.

7.  Defendant is in the business of collecting debts in the state of Illinois.

8.  Defendant is a "debt collector" as defined by §1692 a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSES OF ACTION

9.  In January of 2006, Plaintiff applied and obtained a credit line from First Community Credit Union ("First Community").

10. Plaintiff utilized the credit line by making various consumer purchases.

11. Plaintiff was unable to pay his debt to First Community and eventually defaulted on the credit agreement ("subject debt").

12. On June 20, 2013, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 13-B-25429, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362.

13. Plaintiff duly scheduled First Community as an unsecured creditor on his Schedule F of his bankruptcy petition. *See* Exhibit A, a true and correct copy of the Plaintiff's Schedule F filed with the bankruptcy court.

14. Specifically, Plaintiff scheduled the subject debt in the amount of $7,303.00 on his Schedule F. *Id.*

15. On or about June 23, 2013, the Bankruptcy Noticing Center ("BNC") provided First Community with notice of the bankruptcy filing and notice of the automatic stay.[1] *See* Exhibit B, a true and correct copy of the Certificate of Service executed by the BNC establishing service of the notice of the bankruptcy filing on First Community.

16. The notice of bankruptcy filing expressly states Plaintiff is represented by counsel and provides contact information for Plaintiff's counsel. *Id.*

17. On September 11, 2013, Plaintiff received a Discharge in accordance with 11 U.S.C. §727 discharging all of Plaintiff's dischargeable debts, including the subject debt. *See* Exhibit C, a true and correct copy of the Discharge Order.

18. On or about September 13, 2013, the BNC served First Community with the Discharge Order. *See* Exhibit D, a true and correct copy of the BNC Certificate of Service establishing service of the Discharge Order upon First Community.

19. Upon information and belief, after the Plaintiff's bankruptcy filing, First Community employed Defendant to collect on the subject debt.

20. On or about October 30, 2013, Defendant sent a dunning letter to Plaintiff demanding payment of $8,982.00 on the subject debt despite First Community having actual notice of Plaintiff's bankruptcy discharge. *See* Exhibit E, a true and accurate copy of the dunning letter sent to Plaintiff by Defendant.

---

[1] First Community was served at its preferred mailing address filed with the Bankruptcy Noticing Center. *See* Exhibit B.

21. The dunning letter sent by Defendant to Plaintiff expressly states "This communication is from a debt collector attempting to collect a debt, and any information obtained will be used for that purpose." *Id.*

22. Concerned about the violations of his rights and protections afforded by virtue of filing his chapter 7 case, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

23. The Plaintiff has expended time and incurred expenses consulting with his attorneys as a result of Defendant's deceptive collection actions.

24. Plaintiff was inconvenienced and harassed by Defendant's unlawful attempts to collect a debt that was not owed at the time of demand.

25. Plaintiff suffered emotional distress as a direct consequence of Defendant's unlawful collection practices.

26. All of Defendant's collection efforts occurred with actual knowledge of the Plaintiff's bankruptcy discharge, and within one year of the date of this complaint.

## Violations of The Fair Debt Collection Practices Act

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Defendant violated 15 U.S.C. §§1692e(2), 1692e(10), 1692f, 1692c(a)(2), through its debt collection efforts.

29. Defendant violated 15 U.S.C. §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt, because the subject debt was not owed at the time Defendant demanded payment of the subject debt—it had been discharged in Plaintiff's bankruptcy.

30. Defendant violated 15 U.S.C. §1692e(10) when it falsely represented that the subject debt was owed when Defendant sent the October 30, 2013 dunning letter even though Defendant had been given notice of Plaintiff's bankruptcy discharge.

31. Defendant violated 15 U.S.C. §1692f because attempting to collect a debt that has been discharged in bankruptcy is inherently unfair to the consumer; it violates the U.S. Bankruptcy Code and vitiates the fresh start to which a bankrupt debtor is entitled.

32. Given that the underlying subject debt was discharged in Plaintiff's bankruptcy, Defendant had no legal right to attempt to collect the subject debt from Plaintiff.

33. Defendant violated 15 U.S.C. §1692c(a)(2) when it sent a communication to the Plaintiff after having actual knowledge that the Plaintiff was represented by counsel.

WHEREFORE, Plaintiff, WILLIAM RONGEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000 as prescribed by the FDCPA;

c. Awarding actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 19, 2014                         Respectfully Submitted,

/s/ Mohammed O. Badwan
Mohammed O. Badwan, Esq. ARDC#6299011
Counsel for Plaintiff
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste. 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188